The People of the State of New York, Respondent,
against
John Sidorski, Appellant. 




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), rendered November 15, 2018. The judgment imposed a fine on defendant, upon his failure to appear at a trial, on the charge of failing to stop at a stop sign.




ORDERED that the judgment of conviction is reversed, on the law, the fine, if paid, is remitted, and the matter is remitted to the District Court for all further proceedings.
The People charged defendant, in a simplified traffic information, with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). After having pleaded not guilty and having requested a trial, defendant and his attorney failed to appear for the scheduled trial, whereupon the court entered a judgment against defendant without conducting a trial, and imposed a fine. On appeal, defendant contends, among other things, that the default judgment was improper. We agree.
Vehicle and Traffic Law § 1806-a (1) permits the entry of "a plea of guilty on behalf of the defendant" and the rendering of "a default judgment of a fine" to be entered against a defendant who has been charged with a traffic infraction but failed to "answer within the time [*2]specified," which "judgment entered pursuant to default shall be civil in nature." However, the statute expressly provides that "[w]hen a person has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the hearing which shall be scheduled by the court." As defendant pleaded not guilty to the charge and requested a trial, and since no trial was held before the court entered the default judgment, it must be reversed (see People v Cucceraldo, 64 Misc 3d 30 [App Term, 2d Dept, 9th & 10th Jud Dists 2019], lv granted 34 NY3d 979 [2019]; People v Iverson, 63 Misc 3d 163[A], 2019 NY Slip Op 50930[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019], lv granted 34 NY3d 981 [2019]; People v Cole, 63 Misc 3d 149[A], 2019 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], lv denied 33 NY3d 1032 [2019]). 
In view of the foregoing, defendant's remaining contention has been rendered academic (see Iverson, 63 Misc 3d 163[A], 2019 NY Slip Op 50930[U]).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court for all further proceedings.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 27, 2020